IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATELYN KINN AND MATTHEW PRICE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE QUAKER OATS COMPANY,<br><br>Defendant. | Civil Action No. 16-cv-10833<br><br>Honorable Judge Charles R. Norgle, Sr.<br><br>Honorable Magistrate Sidney I. Schenkier |

**DEFENDANT QUAKER OATS COMPANY'S
MOTION FOR ENTRY OF JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(d), Defendant Quaker Oats Co. ("Quaker") hereby requests that the Court direct the Clerk to enter judgment in this case. The Court has already closed this case, ECF No. 31, but has not formally entered judgment in favor of Quaker. *See* Fed. R. Civ. P. 58(a).

This case is one of a number of cases asserting identical claims based on Quaker's use of terms like "natural" and "heart healthy" on its product labeling. Those actions have all been transferred to this district. Five cases were consolidated into a single action and two others, including this action, were stayed pending resolution of the consolidated action because they are substantially identical to the consolidated action. The Court granted Quaker's motion to dismiss the consolidated action with prejudice because the plaintiffs' claims were preempted and failed as a matter of law. As other courts found in ordering transfer to this district, and as this Court found in its order on reassignment, this action is substantially identical to the now-dismissed consolidated action. Accordingly, one week after dismissing the consolidated action, the Court entered minute

1

orders closing this case and the other stayed case. Quaker now requests that the Court complete the clerical task of entering judgment in this case.

Between April 29, 2016, and May 3, 2016, five plaintiffs filed nearly identical complaints proposing nationwide classes based on the alleged presence of trace amounts of glyphosate in Quaker Oats products. Those actions were transferred to this Court and consolidated in *Gibson v. Quaker Oats Co.*, No. 16-cv-4853. *See Daly v. Quaker Oats Co.*, No. 16-cv-7383, ECF Nos. 1, 12 (N.D. Ill.) (*Daly* complaint and order granting transfer); *Cooper v. Quaker Oats Co.*, No 16-cv-7217, ECF Nos. 1, 16 (N.D. Ill.) (*Cooper* complaint and order granting transfer); *Jaffee v. Quaker Oats Co.*, No 16-cv-7134, ECF Nos. 1, 12 (N.D. Ill.) (*Jaffee* complaint and order granting transfer); *Gibson*, No. 16-cv-4853, ECF No. 1 (N.D. Ill.) (*Gibson* complaint); *see also Wheeler v. Quaker Oats Co.*, No 16-cv-5776, ECF No. 1, 19 (N.D. Ill.) (*Wheeler* complaint and voluntary dismissal).

This action was the *sixth* suit filed raising identical claims.[1] *Kinn v. Quaker Oats Co.*, No 16-cv-1262, ECF Nos. 1-1 (W.D. Wash.) (original complaint). Plaintiffs originally filed this case in the Superior Court of the State of Washington, King County. *Kinn v. Quaker Oats Co.*, No. 16-cv-10833, ECF No. 1, 1-1 (N.D. Ill.) (notice of removal and first complaint). Quaker removed this action to the United States District Court for the Western District of Washington and subsequently moved to transfer the action to this District. *Id.*, ECF Nos. 1, 10, 17. Finding "undoubtedly, substantial similarities and overlap" "both as to the parties and the issues" between this case and the earlier-filed consolidated action *Gibson v. Quaker Oats Co.*, No. 16-cv-4853 (N.D. Ill.), the Washington district court granted Quaker's motion and transferred this case to the Northern District of Illinois. *Kinn*, No. 16-cv-10833, ECF No. 22 (W.D. Wash. Nov. 3, 2016).

---

[1] Another group of plaintiffs filed yet another action asserting claims identical to those first raised months earlier. *Panitch v. Quaker Oats Co.*, No. 16-cv-4586, ECF No. 1 (E.D. Pa. Aug. 22, 2016). That action was also transferred to this Court, *Panitch*, No. 16-cv-4586, ECF No. 22 (E.D. Pa. Apr. 5, 2017), and closed following resolution of the Consolidated Action, *id.*, ECF No. 26.

2

After this case was transferred, Quaker moved to reassign this action to this Court and to stay proceedings pending resolution of Quaker's motion to dismiss in *Gibson*. Quaker argued that this action satisfied all of the conditions required for a finding of relatedness under Rule 40.4(b) because this case and the consolidated cases were "pending in this Court," the factual and legal overlap described above demonstrated that "the handling of [these] cases by the same judge is likely to result in a substantial saving of judicial time and effort," and "the cases are susceptible of disposition in a single proceeding." *Gibson*, No. 16-cv-4853, ECF No. 39 at 2-3 (N.D. Ill. Nov. 30, 2016) (quoting LCvR. 40.4(b)(3)). The Court granted the motion, relating the cases and staying proceedings in this case pending the Court's consideration of Quaker's motion to dismiss in the Consolidated Cases. *Gibson*, No. 16-cv-4853, ECF No. 41 (N.D. Ill. Dec. 1, 2016).[2]

As this Court acknowledged in its ruling on reassignment, Plaintiffs in this action assert the same purported injury resulting from the same labels on Quaker's products as the *Gibson* plaintiffs. *See* Mot. to Transfer or Stay, *Kinn*, No. 16-cv-10833, ECF No. 10 at 3 (W.D. Wash. Aug. 23, 2016) (cataloguing similarities in complaints); *see also Gibson*, No. 16-cv-4853, ECF No. 28 (N.D. Ill. Aug. 11, 2016) ("Consolidated Compl."). Plaintiffs in both actions proposed nationwide class certification. Mot. to Transfer or Stay, *Kinn*, No. 16-cv-10833, ECF No. 10 (W.D. Wash. Aug. 23, 2016). The *Kinn* complaint, in many places, copied word-for-word from the complaints of the cases consolidated in *Gibson*. *Id.* at 3. Like the consolidated plaintiffs, Plaintiffs here alleged that: (1) the same products—Old Fashioned Quaker Oats and Quick 1-Minute Quaker Oats; (2) contained the same labels including the term "natural"; (3) which purportedly were deceived

---

[2] Quaker made a similar motion for relatedness and a stay in *Panitch*, which the Court also granted, staying proceedings in that action pending resolution of Quaker's motion to dismiss in the Consolidated cases. *See Gibson*, No. 16-cv-4853, ECF Nos. 50, 52 (N.D. Ill.) (mot. for finding of relatedness and stay and order granting mot.).

3

"and/or [were] likely to deceive reasonable consumers"; (4) because "quantitative testing" purportedly "revealed that Quaker Oats contain glyphosate." *Compare Kinn* First Compl. ¶¶ 4, 5, 66, 79, 99; *and Kinn* Am. Compl. ¶¶ 9, 52, 53, 67, 93, *with* Consolidated Compl. ¶¶ 4, 5, 72, 85. Plaintiffs asserted that Quaker is liable under the same theories as in the *Gibson* complaint including unjust enrichment, breach of warranty, negligent misrepresentation, and violation of state consumer protection laws. *Compare Kinn* Am. Compl. ¶¶ 128-158, *with* Consolidated Compl. ¶¶ 140-254. Plaintiffs seek the same relief—injunctive relief, restitution, disgorgement, damages, and attorneys' fees—as the *Gibson* plaintiffs. *Compare Kinn* Am. Compl. 38-39, *with* Consolidated Compl. 52-53. Even in Plaintiffs' Amended Complaint, they still failed to state any claims not already considered and rejected by this Court in *Gibson*. *See* Reply Supp. Mot. to Transfer, *Kinn*, No. 16-cv-10833, ECF No. 17 (W.D. Wash. Sept. 16, 2016). To the contrary, the only addition in the Amended Complaint, Plaintiffs' assertion that the application of glyphosate to pre-harvest oats is prohibited by state and federal law, was also added to the consolidated complaint dismissed by this Court in *Gibson*. *See* Consolidated Compl. ¶¶ 13, 83, 91.

On August 14, 2017, the Court dismissed the consolidated complaint in *Gibson* with prejudice. *Gibson*, No. 16-cv-4853, ECF Nos. 58, 59, 60 (N.D. Ill. Aug. 14, 2017) (order granting Mot. to Dismiss, Mem. Op. on Mot. to Dismiss, and Judgment). The Court held that the consolidated plaintiffs lacked standing to assert claims based on products that they did not purchase. It further held that the remaining claims were preempted by the comprehensive federal regulatory scheme established by the Food, Drug, and Cosmetic Act, and by the actions of the Food and Drug Administration in defining use of the term "natural." The Court also held that, because preemption by Congress meant that "Plaintiffs cannot challenge Quaker Oats labeling under state or common law," dismissal with prejudice was warranted because the Plaintiffs could not cure the fatal defects

4

in their complaint. *Gibson*, No. 16-cv-4853, ECF No. 59 at 8 (N.D. Ill. Aug. 14, 2017) (Mem. Op. on Mot. to Dismiss). Plaintiffs' claims also failed for other reasons, including that Plaintiffs' claims were implausible as a matter of law. *See* Mot. to Dismiss, *Gibson*, No. 16-cv-4853, ECF No. 35 at 3 (N.D. Ill. Sept. 26, 2016) ("*Gibson* Mot. to Dismiss").

Eight days later, the Court closed this case (and the related *Panitch* action), referencing the Court's opinion and order dismissing the complaint in *Gibson*. Closure was appropriate because Plaintiffs' claims are meritless for the reasons described in Quaker's motion to dismiss and in this Court's opinion and order dismissing the related action. *Gibson v. Quaker Oats Co.*, No. 16-cv-4853, 2017 WL 3508724 (N.D. Ill. Aug. 14, 2017); *Gibson* Mot. to Dismiss; Mem. Supp. Mot. to Dismiss, *Gibson*, No. 16-cv-4853, ECF No. 36 (N.D. Ill. Sept. 26, 2016) ("*Gibson* Mem. Supp. Mot. to Dismiss").

The *Gibson* dismissal, standing alone, warrants entry of judgment in this action because the claims in this action are identical to those in *Gibson*. In addition to the grounds for dismissal discussed in this Court's opinion in *Gibson*, Plaintiffs fail to state a claim for the following reasons.

Plaintiffs' failure-to-warn claims are duplicative of those asserted in *Gibson* and are meritless for the same reasons: (1) Plaintiffs lack standing, not having suffered any concrete injury from the trace amounts of glyphosate alleged to be present in Quaker products, (2) Plaintiffs' claims are preempted by federal legislation and regulations expressly deeming safe and permitting trace levels of glyphosate, and (3) Plaintiffs have not alleged the omission of any material fact in Quaker's public representations. The *Gibson* plaintiffs failed to state a claim for the same reasons. *See Gibson* Mot. to Dismiss at 2; *Gibson* Mem. Supp. Mot. to Dismiss at 10-18.

Similarly, just as in *Gibson*, Plaintiffs' claims relating to Quaker's use of "heart healthy" are preempted by federal regulations. *See* 21 C.F.R. § 101.81; Food Labeling: Health Claims;

5

Soluble Fiber From Whole Oats & Risk of Coronary Heart Disease, 62 Fed. Reg. 15,343 (Mar. 31, 1997); *see also Gibson* Mot. to Dismiss at 2; *Gibson* Mem. Supp. Mot. to Dismiss at 19-20. Plaintiffs also fail to state a claim relating to Quaker's use of "natural." These claims seek to impose retroactive punishment on Quaker for its reliance on long-standing federal policy regarding the use of "natural" in food labeling. *See Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2167 (2012); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013). Nor have Plaintiffs plausibly alleged that reasonable consumers share their interpretation of "natural" as indicating a product is free of trace amounts of any pesticide down to the molecular level. *See Gibson*, Mem. Supp. Mot. to Dismiss at 20-23; *In re: Gen. Mills Glyphosate Litig.*, No. 16-2869, 2017 WL 2983877 at *5 (D. Minn. July 12, 2017) ("It is implausible that a reasonable consumer would believe that a product labelled as having one ingredient—oats—that is '100% Natural' could not contain a trace amount of glyphosate that is far below the amount permitted for organic products."); *Organic Consumers Ass'n v. Sioux Honey Ass'n*, No. 2016-ca-8012 (D.C. Super. Ct. Mar. 31, 2017) (granting motion to dismiss); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756-59 (N.D. Ill. 2015); *Pelayo v. Nestle USA Inc.*, 989 F. Supp. 2d 973, 978-79 (C.D. Cal. 2013).

Plaintiffs' remaining allegations also fail to state a claim. Although Plaintiffs point to Washington state laws rather than the state laws identified in *Gibson*, this Court's ruling in *Gibson* did not turn on details of state law. This Court found that any state consumer protection law claims are precluded by federal law. In addition, Plaintiffs' state consumer protection law allegations fail to state a claim because those state laws expressly incorporate federal standards. *See, e.g.*, Wash. Admin. Code 246-215-3610 (adopting certain federal food labeling standards). Plaintiffs have also failed to allege that any particular plaintiff purchased several of the specific Quaker products listed in the complaint, relying merely on statements that Plaintiffs purchased "Quaker Oats" and

only two of the numerous unnamed products in dispute. *Kinn* Am. Compl. ¶¶ 15, 16. This lack of specificity deprives Plaintiffs of standing to pursue their claims. *See Gibson*, 2017 WL 3508724 at *4; *Gibson*, Mem. Supp. Mot. to Dismiss at 24-25. Plaintiffs' claims for injunctive relief also fail for lack of standing—now that Plaintiffs are aware of Quaker's alleged misrepresentations, Plaintiffs cannot claim to be misled by Quaker's advertising in the future. *See Gibson* Mem. Supp. Mot. to Dismiss at 23. Finally, Plaintiffs' claim premised on unjust enrichment claim fails with the "related claim[s]" as it "rests on the same improper conduct." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

For the reasons identified in the Court's order and opinion dismissing the *Gibson* plaintiffs' complaint with prejudice, and Quaker's motion to dismiss in *Gibson*, Quaker therefore respectfully requests that this Court direct the entry of judgment in favor of Quaker. *See* Fed. R. Civ. P. 58.

Dated: September 6, 2017            Respectfully submitted,

BY: _____

Erik J. Ives
**FOX, SWIBEL, LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Tel: (312) 224-1200
Fax: (312) 224-1201
eives@foxswibel.com

Andrew S. Tulumello (*pro hac vice*)
Jason R. Meltzer (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 467-0539
Atulumello@gibsondunn.com
Jmeltzer@gibsondunn.com

*Attorneys for Defendant Quaker Oats Company*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 6, 2017, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

                                                                                                        */s/ Erik J. Ives*