IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATELYN KINN, et al., | ) |
| Plaintiffs, | ) ) Civil Action No. 1:16-cv-10833 |
| v. | ) ) Hon. Charles R. Norgle |
| THE QUAKER OATS COMPANY, | ) ) |
| Defendant. | ) |

## ORDER

Defendant Quaker Oats Company's Motion for Entry of Judgment [37] is granted. The Clerk of the Court shall enter judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of Defendant.

## STATEMENT

Plaintiffs originally filed their complaint in the Western District of Washington, but eventually the matter was transferred to this District because it was substantially identical to a now-dismissed consolidated action before the Court. The Complaint alleges, *inter alia*, that the use of the phrases: "100% Natural Whole Grain," "Heart Healthy," and "part of a heart healthy diet" are deceptive because the presence of glyphosate—a carcinogen—poses dangers when ingested. These claims are identical to those presented in Gibson v. Quaker Oats Company. In Gibson, the plaintiffs' claims were dismissed, because plaintiffs lacked standing to pursue some claims; the state claims were preempted by the Federal Food, Drug, and Cosmetic Act, as codified at 21 U.S.C. § 343-1(a); and § 346a, Tolerances and Exemptions for Pesticide Chemical Residues, of the Food, Drug, and Cosmetic Act, addresses the presence of pesticides and herbicides present in foods and establishes tolerances for the same. See Gibson v. Quaker Oats Co., No. 16-cv-4853, 2017 WL 3508724 (N.D. Ill. Aug. 14, 2017), appeal dismissed, No. 17-2882, 2017 WL 8219421 (7th Cir. 2017). On August 22, 2017, this case was terminated for the reasons articulated in Gibson v. Quaker Oats Co.

Before the Court is Defendant's motion for judgment pursuant to Federal Rule of Civil Procedure 58. Judgment under Rule 58 is appropriate when, as here, the court denies all relief. Fed. R. Civ. P. 58(b)(1)(C).

As a preliminary matter, Plaintiffs argue, *inter alia*, that entry of judgment would be an end run around due process. However, this argument is unpersuasive. "Due process does not require that the defendant in every civil case actually have a hearing on the merits. All the constitution requires is an opportunity for a hearing granted at a meaningful time and in a meaningful manner." A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130, U.A., 562 F.3d 784, 792 (7th Cir.

2009). Here, Plaintiffs have been afforded the opportunity to respond to Defendant's motion for entry of judgment, but were unable to convince the Court of the merits of the case.

As for Plaintiffs' Complaint, Plaintiffs allege: (1) Unjust enrichment because Defendant intended consumers to rely on their representations vis-à-vis the product description et cetera; (2) unlawful, deceptive, and unfair business practices in violation of Washington's Consumer Protection act, as codified at Wash. Rev. Code § 19.86.010 *et seq*; (3) common law negligent misrepresentation; (4) breach of warranties, under the Uniform Commercial Code, as codified by Wash. Rev. Code § 62A.3 *et seq*; and (5) a claim for declaratory and injunctive relief.

These issues are functionally identical to those raised in Gibson, where the Court found that Kathleen Gibson lacked standing to pursue claims against the Quaker Oats Company related to the presence of glyphosate in Quaker Oats Old Fashioned, Quaker Oats Quick 1-Minute, Quaker Steel Cut Oats, and Quaker Steel Cut Oats Quick 3-Minute (collectively, "Quaker Oats"). The first four claims are attempting to challenge how food stuffs are marketed in Washington. The labeling of food, however, is governed by the Federal Food, Drug, and Cosmetic Act, as codified at 21 U.S.C. § 343-1(a), and is discussed at length in the Court's August 14, 2017 Opinion in Gibson. No. 16-cv-4853, 2017 WL 3508724 (N.D. Ill. Aug. 14, 2017). As for Plaintiffs' claim for declaratory and injunctive relief, it too fails for the reasons articulated in Gibson. Id.

Accordingly, judgment for Defendant is appropriate. The Clerk of the Court shall promptly enter judgment in favor of Defendant.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 2, 2017

2